THE PEOPLE, ex rel. EDWARD G. DUMAHAUT, Appellant, *v.*
THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW
YORK, Respondent.

(Argued June 20, 1884; decided June 27, 1884.)

THIS was an appeal from a judgment of General Term,
affirming, upon *certiorari*, a decision of defendant dismissing
the relator from his position as chief clerk in the bureau of
inspection of buildings, a subordinate bureau of the fire depart-
ment of the city of New York.

The court here say:

" We are of opinion that the proceedings in this case, as set
forth in the return, fail to disclose any official misconduct on
the part of the relator, justifying his removal. He was chief
clerk in the bureau of inspector of buildings in the fire de-
partment. During a temporary absence of his immediate su-
perior, the inspector, from the city on his summer vacation in
July, 1883, Mr. John B. Haskin came to the inspector's of-
fice to obtain permission to make an addition to a frame build-
ing near the depot at Fordham. The alteration was very triv-
ial, consisting of an addition of a mansard roof, seven feet and
six inches in height, four feet and six inches in width and from
thirty-one to thirty-three feet in depth, to an existing wooden

structure, occupied as a real estate office, about ten feet high, so as to increase its height to about eighteen feet.

" The power to grant the permission requested was vested by law in the inspector only, and could not be delegated to his clerk. But the inspector, foreseeing that during his temporary absence cases might arise in which inability to obtain the formal permission required by the statute might subject citizens to injurious delays, instructed his chief clerk that in case of any application, during his absence, for a permit to make an erection or alteration, which appeared to be in accordance with law, he might give verbal permission to proceed with the work pending the formal approval by the inspector.

" Mr. Esterbrook, the inspector, confirmed by his testimony the relator's statement of these instructions, saying that they were substantially as stated by the relator, though by a skillful cross-examination, the qualification was drawn from him that he did not instruct his clerk to dispense with the preliminary examination of the building before giving verbal permission to proceed with the alteration, and on this little point the whole charge against the relator turned.

" The application was made to the relator by Mr. Haskin on the 10th of July, 1883. He required Mr. Haskin to reduce his application to writing, as required by law. The written application having been made and filed, and the relator, seeing that the proposed construction, as described in the application, was in conformity to law, told Mr. Haskin that he might proceed with the work, if the building was constructed as stated in the application. Nothing appears to have been said on the subject of a preliminary examination of the building. That there was no intention on the part of the relator to waive or dispense with such an examination is evidenced by the fact that immediately after giving the verbal permission he sent an examiner to the premises. The examination was made on the 11th of July and it was then found that Mr. Haskin's diligence had outstripped that of the relator and that the work had been begun. It was also found that the description, in the plan submitted to the relator, was inaccurate in stating that the rear wall of the extension upon which the small addition was to be

placed rested on a foundation of stone, whereas in fact it rested on piles. On ascertaining this, the relator at once revoked the verbal permission he had given to Mr. Haskin and served written notice upon him to that effect. The case being submitted to the inspector he approved the plans on the 14th of July, on condition that a brick foundation be placed under the rear wall. A complaint was made against Mr. Haskin for a violation of the building laws, which was dismissed.

" The grounds of the removal of the relator, specified in the resolution removing him, were that he gave permission to Mr. Haskin to proceed with the proposed alteration before the building had been examined and before the specifications and plans had been approved by the inspector. We think that the conduct of the relator in the matter was fully explained and justified, and that there was such an absence of substantial ground for his removal as required the court below to reverse the proceedings of the board."

*Robert S. Green* for appellant.

*Wm. L. Findley* for respondent.

RAPALLO, J., reads for reversal of judgment of General Term, and of the proceedings of defendant removing the relator.

All concur.

Judgment accordingly.